1  GailAnn Y. Stargardter (Bar No. 250749)
       gstargardter@lslawoffices.com
2  LEHAVI STARGARDTER, LLP
   P.O. Box 5973
3  Orange, California 92863
   Telephone:    949.570.9575
4  Facsimile:    949.570.9580

5  Attorneys for Plaintiff
   ATAIN SPECIALTY INSURANCE
6  COMPANY

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11 ATAIN SPECIALTY INSURANCE           Case No. 3:23-cv-00982
   COMPANY, a Michigan corporation,
12                                      **ATAIN SPECIALTY INSURANCE
             Plaintiff,                 COMPANY'S COMPLAINT FOR
13                                      DECLARATORY RELIEF AND
       v.                               REIMBURSEMENT**
14
   PRECISION PLUMBING & CONTRACTING
15 INC., a California corporation; TIM BEARD
   and TINNA BEARD, husband and wife; and
16 DOES 1 through 20, inclusive,
17           Defendants.
18

19     Plaintiff ATAIN SPECIALTY INSURANCE COMPANY for its Complaint against

20 Defendants PRECISION PLUMBING & CONTRACTING INC., TIM BEARD and TINNA

21 BEARD, and DOES 1 through 20, inclusive, alleges as follows:

22                    **JURISDICTION AND VENUE**

23     1.    Jurisdiction of this action is founded upon Title 28 United States Code section 1332,

24 as there is complete diversity of citizenship between Plaintiff and Defendants in this matter and the

25 amount in controversy exceeds the sum of $75,000, exclusive of interest and cost. This Court also

26 has jurisdiction over this claim under the Declaratory Judgment Act (28 U.S.C. § 2201).

27     2.    Venue is proper in the Northern District of California, pursuant to Title 28 United

28 States Code section 1391(b)(1) and (c)(2) in that Defendant Precision Plumbing & Contracting Inc.

and Defendants Tim and Tinna Beard are residents of Brentwood, California, and are subject to this Court's personal jurisdiction at the time this action is commenced. Venue is also proper in this district pursuant to Title 28 United States Code section 1391(b)(2) as the insurance contract was issued to Precision Plumbing & Contracting Inc. in Brentwood, California, and the loss giving rise to this action occurred in Brentwood, California.

**PARTIES**

3.    Plaintiff Atain Specialty Insurance Company ("Atain") is a corporation organized and incorporated under the laws of the State of Michigan, with its principal place of business in Farmington Hills, Michigan.

4.    Defendant Precision Plumbing & Heating Inc. ("PPC") is a California domestic stock corporation with its principal place of business in Brentwood, California.

5.    Defendants Tim and Tinna Beard (collectively referred to as "Beard") are residents of Brentwood, California and own the property located at 1900 Castellina Drive, Brentwood, California.

**GENERAL ALLEGATIONS**

**A.    The Construction Project**

6.    Beard purchased the home at 1900 Castellina Drive, Brentwood, California ("Property") in November of 2014. After purchasing the Property, Beard began a remodeling project.

7.    Beard hired PPC to add a plumbed/gas cooktop island in the kitchen. PPC performed its work at the Property in December of 2014.

8.    During the course of performing its work in December of 2014, PPC cut one or more post-tension cables in the concrete slab. Mr. Beard was present when the cutting occurred. Mr. Beard authorized PPC to run rebar through the area of sawcut slab as a repair.

9.    PPC repaired the damage to the cut post-tension cable(s) and completed its other work at the Property in early 2015.

**B.    The Loss**

10.    In 2020, Beard noticed the Property was out of level and was exhibiting cracking.

11.     On January 13, 2021, Beard notified PPC that its cutting of the post-tension cable(s) severely compromised the structural integrity of the home resulting in deflection of the slab, resulting in cracking of the drywall, flooring, and deflection of the flooring.

12.     Beard contend they sustained $839,036.82 in damages as a result of PPC's cutting of the post-tension cable(s).

**C.     Tender of Defense to Atain**

13.     PPC tendered defense of Beard's claim to Atain. Atain has been defending PPC against the Beard claim subject to a full and complete reservation of rights.

**D.     The Atain Polic**ies.

14.     Atain issued two policies to PPC. Policy No. CIP218890 was in force from September 18, 2014 through September 18, 2015. Policy No. CIP266480 was in force from September 18, 2015 through September 18, 2016. Attached hereto as **Exhibit A** and incorporated herein by reference are true and correct copies of the Atain Policies.

15.     Each policy provided commercial general liability coverage under Commercial General Liability Coverage Form CG 00 01 (04/13). The Coverage A insuring agreement states:

> **SECTION I – COVERAGES**
>
> **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1.     Insuring Agreement**
>
> **a.**     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply….
>
> * * *
>
> **b.**     This insurance applies to "bodily injury" and "property damage" only if:
>
> **(1)**     The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
>
> **(2)**     The "bodily injury" or "property damage" occurs during the policy period; and

1

2

3

4

5

6

7

8

9

10

11

12

        **(3)**      Prior to the policy period, no insured listed under Paragraph 1. of Section II- Who is an Insured and no "employee" authorized by you to give or receive notice of any "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" during or after the policy period will be deemed to have been known prior to the policy period.

                                 \* \* \*

        **d.**      "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

                **(3)**      Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

13     16.    The Coverage A portions of the Atain policies contain the following exclusions:

14     **2.**    **Exclusions**

15     This insurance does not apply to:

16                         \* \* \*

17     **j.**    **Damage To Property**

18     "Property damage" to:

19                         \* \* \*

20

21

22

        **(5)**      That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

23

24

        **(6)**      That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

25

26

    **k.**    **Damage To Your Product**

    "Property damage" to "your product" arising out of it or any part of it.

27     **l.**    **Damage To Your Work**

28     "Property damage" to "your work" arising out of it or any part of it

and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

    **m.**    **Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

    **(1)**    A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

    **(2)**    A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

17.    The Commercial General Liability Coverage Form includes the following provisions:

**SUPPLEMENTARY PAYMENTS – COVERAGES A AND B**

**1.**    We will pay, with respect to any claim we investigate or settle, or any "suit" against an insured we defend:

\* \* \*

    **e.**    All court costs taxed against the insured in the "suit". However, these payments do not include attorneys' fees or attorneys' expenses taxed against the insured.

18.    The Commercial General Liability Coverage Form includes the following Definitions:

**SECTION V – DEFINITIONS**

**8.**    "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

    **a.**    It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

    **b.**    You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work" or your fulfilling the terms of the contract or agreement.

\* \* \*

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\* \* \*

**16.**    "Products-completed operations hazard":

**a.**    Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

**(1)**    Products that are still in your physical possession; or

**(2)**    Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

**(a)**    When all of the work called for in your contract has been completed.

**(b)**    When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

**(c)**    When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

**17.**    "Property damage" means:

**a.**    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

**b.**    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

**18.**    "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:

**a.**    An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

**b.**    Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

\* \* \*

**21.**   "Your product":

    **a.**   Means:

        **(1)**   Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

            **(a)**   You;

* * *

    **b.**   Includes:

        **(1)**   Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

        **(2)**   The providing of or failure to provide warnings or instructions.

* * *

**22.**   "Your work":

    **a.**   Means:

        **(1)**   Work or operations performed by you or on your behalf; and

        **(2)**   Materials, parts or equipment furnished in connection with such work or operations.

    **b.**   Includes:

        **(1)**   Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

        **(2)**   The providing of or failure to provide warnings or instructions.

19.   The policies include the following endorsement:

**ENDORSEMENT AF 001 007 (11/2013)—COMBINED COVERAGE AND EXCLUSION ENDORSEMENT**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

VI.   PROFESSIONAL SERVICES EXCLUSION

The following exclusion is added to Part 2. Exclusions of **SECTION I— COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILTY** and **COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY of the COMMERCIAL GENERAL**

**LIABILITY FORM**.

This insurance does not apply to:

"Bodily injury," "property damage" or "personal and advertising injury," including payment for loss or defense costs in connection with any claim made against any insured based upon, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving the rendering or failure to render any professional service by, but not limited to, any Accountant, Architect, Engineer, Insurance Agent or Broker, Lawyer, Medical Professional, or Real Estate Agent or Broker, or any other service that is of a professional nature.

20.     The Combined Coverage And Exclusion Endorsement includes the following "anti-stacking" provision:

**XI.    ANTI-STACKING AND NONDUPLICATION OF LIMITS OF INSURANCE**

If any Coverage Form, Coverage Part or policy issued to you by us or any company affiliated with us apply to the same claim for expenses or damages, the maximum Limit of Insurance for Liability Coverage under all of the Coverage Forms, Coverage Parts or policies shall not exceed the highest applicable Limit of Insurance available under any one Coverage Form, Coverage Part or policy.

This endorsement does not apply to any Coverage Form, Coverage Part or policy issued by us or an affiliated company specifically to apply as excess insurance over this policy.

## FIRST CAUSE OF ACTION

**(Declaratory Judgment—No Duty to Defend PPC)**

21.     For its first cause of action, Atain incorporates herein by reference, as if fully restated, paragraphs 1-20 above.

22.     The Coverage A insuring agreement requires Atain to defend PPC against claims for damages it is legally obligated to pay because of "property damage" caused by an "occurrence."

23.     Any "property damage" must occur when the policies are in force, and prior to the policy period, no insured must know that the "property damage" has occurred.

24.     If the insured knew, prior to the policy period that "property damage" had occurred, in whole or in part, then any continuation, change or resumption of that damage is deemed to have occurred prior to the policy period.

25.     PPC knew it cut the post-tension cable(s) in December of 2014, prior to the September 18, 2015 inception date of Policy No. CIP266480.

26.     Because PPC knew it cut the post-tension cable in December 2014, prior to the inception of Policy No. CIP266480, any continuation, change, or resumption of the damage caused by cutting that cable is deemed to have occurred prior to the inception of that Policy.

27.     Atain has no obligation to defend PPC under Policy No. CIP266480.

28.     The Atain policies require Atain to pay those sums PPC is legally obligated to pay because of "property damage" caused by an "occurrence." Because Beard knew PPC had cut the post-tension cable(s) in December of 2014, and knew the cable had been repaired at that time, it was required to file any claim for "property damage" on or before December of 2017.

29.     Beard failed to file suit against PPC within the applicable statute of limitations.

30.     Because Beard failed to timely file suit against PPC, PPC is not legally obligated to pay damages on its behalf.

31.     Beard contends they first discovered movement/deflection in the home and resulting damage in 2020. Any damage that occurred after September 18, 2015, is not covered by the Atain policies.

32.     Because the claims asserted against PPC do not fall within the Coverage A insuring agreement in either Policy No. CIP218890 or Policy No. CIP266480, Atain has no obligation to defend PPC under either policy.

33.     To the extent that any work performed by PPC is deemed to be "property damage" that occurred while Policy Nos. CIP218890 and CIP266480 were in force, all potential coverage for that "property damage" is eliminated by the Professional Services Exclusion and Exclusions j.(5), j.(6), k., l. and m.

34.     For the reasons set forth in Paragraphs 22 through 33 above, Atain contends that it has no duty to defend PPC against the claims asserted by Beard.

35.     Atain is informed and believes that PPC disputes each of Atain's contentions and asserts that, Atain is obligated to afford it a defense to the claims asserted by Beard.

36.     Atain therefore desires a judicial determination of its rights and liabilities, if any, and a declaration that it has no duty to defend PPC with respect to any and all claims asserted against it by Beard.

37.     Such declaration is necessary and appropriate because Atain has no plain, speedy or adequate remedy at law, and by reason of such delay, will suffer great and irreparable injury in that it has and will continue to incur investigative costs and fees and defense costs and fees in defending against claims that are not covered under its policies. Such a declaration is appropriate in order that Atain and PPC may ascertain their respective rights and duties under Policy Nos. CIP218890 and CIP266480. Such controversy is incapable of resolution without judicial adjudication.

38.     If the Court determines that Atain owes a duty to defend under Policy No. CIP218890 and/or Policy No. CIP266480 for some, but not all, of the claims asserted against PPC, Atain is entitled to and desires an allocation between covered and non-covered claims for payment of any attorney fees, costs, or investigative fees and costs incurred by it.

## SECOND CAUSE OF ACTION

### (Declaratory Judgment—No Duty to Indemnify PPC or Beard)

39.     For its second cause of action, Atain incorporates herein by reference, as if fully restated, paragraphs 1-38, above.

40.     For the reasons set forth in Paragraphs 22-33 above, Policy Nos. CIP218890 and CIP266480 do not afford any coverage for any settlements that may be entered into or any judgment that may be entered against PPC with respect to Beard's claims.

41.     Atain contends that it has no duty to indemnify PPC or Beard against any settlement that may be entered into to resolve the Beard's claims or to satisfy any judgment that may be entered against PPC in any action filed by Beard and that Beard may then seek to enforce against Atain under California Insurance Code section 11580, subdivision (b).

42.     Atain is informed and believes that PPC and Beard dispute each of Atain's contentions and contend that Atain is obligated to indemnify PPC and Beard against the claims asserted and to satisfy any settlements or judgments that may be entered into or against PPC with respect to Beard's claims.

43.     Atain therefore desires a judicial determination of its rights and liabilities, if any, and a declaration that it has no duty to indemnify PPC against the claims asserted by Beard, or to satisfy any settlements that may be entered into to resolve Beard's claims, or to satisfy any judgment that

1    may be entered against PPC and which Beard may seek to enforce under California Insurance Code

2    section 11580, subdivision (b).

3         44.    Such declaration is necessary and appropriate because Atain has no plain, speedy or

4    adequate remedy at law, and by reason of such delay, will suffer great and irreparable injury. Such a

5    declaration is appropriate in order that Atain, PPC and Beard may ascertain their respective rights

6    and duties under the Atain policies. Such controversy is incapable of resolution without judicial

7    adjudication.

8         45.    If the Court determines that Atain owes a duty to indemnify PPC or Beard under the

9    Atain policies for some, but not all, of the claims asserted against PPC, Atain is entitled to and

10   desires an allocation between covered and non-covered claims for payment of any settlements or

11   judgments.

12   **THIRD CAUSE OF ACTION**

13   **(Reimbursement of Defense Fees and Costs–Against PPC)**

14        46.    For its third cause of action, Atain incorporates herein, as if fully restated, paragraphs

15   1-45 above.

16        47.    In light of the fact that all of the costs and fees incurred in the defense of PPC with

17   respect to the claims asserted by Beard are not the responsibility of Atain inasmuch as there is no

18   coverage for these claims under it policies, Atain is entitled to a full and complete reimbursement

19   from PPC of all such fees, costs, paid, incurred, or to be incurred, in connection with the defense of

20   these claims.

21        48.    Pursuant to *Scottsdale Ins. Co. v. MV Transportation*, 36 Cal.4th 643 (2005), *Blue*

22   *Ridge Ins. Co. v. Jacobsen*, 25 Cal.4th 489 (2001), and other cases, Atain is entitled to recover

23   damages from PPC by way of reimbursement of all defense fees and costs incurred or to be incurred

24   in connection with defending against Beard's claims in a sum which will be proved at trial.

25        49.    If the Court determines there is coverage under Policy No. CIP218890 and/or Policy

26   No. CIP266480 for some, but not all, of the claims asserted against PPC by Beard, Atain is entitled

27   to and desires an allocation between covered and non-covered claims, if any.

28   ///

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff Atain prays for relief as follows:

1.      For a judgment that, by reason of the terms, conditions, and exclusions in Policy Nos. CIP218890 and CIP266480, Atain has no duty to defend PPC with respect to any claims asserted against it by Beard, as set forth in the First Cause of Action;

2.      For a judgment that, by reason of the terms, conditions, and exclusions in Policy Nos. CIP218890 and CIP266480 no duty to indemnify is owed to PPC or Beard with respect to the claims asserted by Beard, as set forth in the Second Cause of Action;

3.      For a judgment that Atain is entitled to reimbursement from PPC for any and all sums expended in defense of the claims asserted by Beard, as set forth in the Third Cause of Action;

4.      If this Court declares that Policy Nos. CIP218890 and CIP266480 apply to some but not all of the claims asserted against PPC, Atain seeks a declaration allocating between covered and non-covered claims all fees, costs, expenses, settlements and/or judgments made in connection with the claims asserted by Beard;

5.      For an Order authorizing Atain to immediately withdraw from its defense of PPC;

6.      For interest, including prejudgment interest on all defense fees and costs;

7.      As to all causes of action, for costs herein; and

8.      For such other and further relief as this Court deems just and proper.

Dated: March 3, 2023                                  LEHAVI STARGARDTER, LLP


                                                              /s/ *GailAnn Y. Stargardter*
                                                              GailAnn Y. Stargardter
                                                              Attorneys for Plaintiff ATAIN SPECIALTY
                                                              INSURANCE COMPANY